## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 09 B 41021 |
| ) | (Jointly Administered) |
| ) | |
| BRIDGEVIEW AEROSOL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Judge Pamela S. Hollis |

### MEMORANDUM OPINION

This matter comes before the court on the motion of Hydrite Chemical Company for Allowance and Payment of Administrative Claim. Hydrite seeks permission to tardily file its request for allowance and payment of an administrative claim in the amount of $42,122.06 pursuant to 11 U.S.C. § 503(b)(9) and § 503(a). Bridgeview Aerosol, LLC, AeroNuevo, LLC and USAerosols, LLC (collectively, "Debtors") and Wells Fargo Bank, N.A. objected on the grounds that the claim was filed late. For the reasons stated below, the court overrules the objections and grants the request to tardily file the claim.

On December 31, 2009, Hydrite timely filed a proof of claim in the amount of $307,951.16. This claim includes the $42,122.06 that Hydrite seeks to have allowed today as an administrative expense, although this amount was not designated separately on the proof of claim. Nor should it have been, since requests for payment of administrative expenses are not submitted by proofs of claim.

On January 5, 2010, this court entered an order setting March 15, 2010 as the last date to file proofs of claim and requests for payment of administrative expenses. The order also approved the form of notice of this bar date.

The Debtors served Hydrite with the bar date notice on January 8, 2010. The notice included the following language, in all capitals and in bold, at the end of the first paragraph:

**REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE SHALL NOT BE INCLUDED IN A PROOF OF CLAIM.**

This was followed immediately by another sentence in all capitals and in bold:

**IF YOU HAVE ALREADY PROPERLY FILED A PROOF OF CLAIM WITH THE COURT YOU ARE NOT REQUIRED TO FILE ANOTHER ONE.**

Hydrite does not dispute that it received this notice of the bar date. According to its motion, Hydrite believed that its proof of claim satisfied the requirements of the bar date notice, and so it did not file anything further until this motion was filed by new bankruptcy counsel.

The court will first dispose of the Debtors' waiver argument. Debtors suggest that since Hydrite filed a proof of claim that included the amount later designated as an administrative expense claim, it has waived its right to assert that a portion of the claim is priority. The court disagrees.

In support of its waiver argument, Debtors cite U.S. v. W.F. Monroe Cigar Co., 166 B.R. 110, 113 (N.D. Ill. 1994). W.F. Monroe, in turn, cited In re O'Gara Coal Co., 12 F. 2nd 426 (7th Cir.), cert. denied sub nom. Chicago Title & Trust Co. v. Gardner, 271 U.S. 683 (1926). The O'Gara court noted that there were cases where, "when such proof [filing a secured claim as an unsecured debt] was made through ignorance or mistake a creditor ought to be allowed to withdraw his proof and prove as a secured creditor." 12 F. 2nd at 429 (citation omitted). That is exactly the argument Hydrite is making here. Whether waiver could possibly bar a creditor from filing a request for payment of an

administrative expense that was previously part of a proof of claim need not be decided today, since even the case on which Debtors rely for this argument acknowledges that a creditor's mistake or ignorance should allow the new filing.

Having disposed of the waiver argument, the court turns to the applicable statute for determining whether this request may be filed after the deadline:

> An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

11 U.S.C. § 503(a).

Although the statute states that the court may allow a request to be tardily filed "for cause," courts have used the "excusable neglect" standard from Fed. R. Bankr. P. 9006(b) to evaluate such requests. See In re UAL Corp., 2009 WL 4068023, *5 n.6 (Bankr. N.D. Ill. Nov. 24, 2009) (citing cases).

The Supreme Court expanded the concept of "excusable neglect" in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). The Rule allows for extensions due to "neglect," and that word "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Id. at 388.

As for whether the neglect is excusable, the Court concluded that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395 (footnote omitted). Factors a court should consider in deciding whether neglect is excusable include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

The first factor asks whether allowing the claim would cause prejudice to the Debtors. It is Hydrite's burden to prove a lack of prejudice. In re Kmart Corp., 381 F. 3rd 709, 714 (7th Cir. 2004).

> Factors considered when assessing prejudice under Pioneer include whether the debtor had knowledge of the claim at the time it proposed a reorganization plan, whether the late filing would disrupt the plan or economic models used in the plan's development, the size of the claim, and whether allowing the late claim would induce other similarly sized late claimants to file their own claims.

In re Xechem Intern., Inc., 424 B.R. 836, 843 (Bankr. N.D. Ill. 2010). In this particular case, the first factor, prejudice to the Debtors, and the second factor - length of the delay and its potential impact on judicial proceedings – are intertwined.

The bar date was March 15, 2010. Hydrite filed its request for payment on March 30, a delay of only 15 days (although the court notes that the clerk's office tagged the request with an "incorrect event" label, and Hydrite refiled it two days later). Also on March 30, three different requests for payment of administrative expenses were heard in open court and continued for two weeks. Those requests, as well as a request filed on March 9, were resolved by agreed orders in mid-April. A fifth request for payment remains unresolved.

Debtors have not yet filed their plan and disclosure statement. On April 27, the court granted their second request to extend the exclusivity period for filing a plan through and including May 31, 2010. Debtors indicated in that motion to extend exclusivity that they would be meeting with Wells Fargo Bank on April 29 to begin discussions about treatment for the bank's claim in a plan, and would meet with the official committee of unsecured creditors thereafter. Following both meetings, the Debtors intend to establish a timeframe for circulating a draft plan.

Therefore, Hydrite's 15 day delay in filing its request for administrative expense poses little danger of prejudice to the Debtors. The request was filed approximately a month before the Debtors intended to meet with their secured creditor and the creditors' committee regarding a potential plan. Debtors have not tied themselves to a particular schedule, but only intended to work out a timeframe for circulating a plan once they met with these major constituents.

Moreover, a much larger request for payment of administrative expense remains unresolved, the $416,269.97 request filed by Ball Aerosol and Specialty Container. It is unlikely that the Debtors will be able to finalize their timeframe for circulating a plan until they resolve this request. Although Ball and the Debtors are in negotiations, the next continued court date on that matter is June 15, 2010.

Debtors point out that the size of Hydrite's administrative expense is approximately 20% of the § 503(b)(9) claims allowed to date. While that is true, Hydrite's claim is dwarfed by the unresolved administrative expense claim filed by Ball. Additionally, there appears to be little danger that other creditors will suddenly appear to file requests for payment of administrative expenses if Hydrite's late filing is allowed. The bar date was March 15, Hydrite filed its request on March 30, and more than 7 weeks later no other creditor has filed a tardy request.

For the reasons stated above, the court finds that the first and second factors weigh in favor of allowing Hydrite to file its request.

The third factor is the reason for the delay, including whether it was within the reasonable control of the movant. The court will consider this together with the fourth element of excusable neglect, which asks whether Hydrite acted in good faith.

Hydrite admits that its failure to timely file the request was due to carelessness. It ignored the bar date notice, believing that the proof of claim was sufficient. It writes in its reply that "[w]hen the mistake was discovered, Hydrite immediately obtained counsel who filed and served the Motion on March 30, 2010. . ."

Debtors argue that the court cannot possibly find excusable neglect if Hydrite's delay was attributable to factors entirely within its control. See In re United Airlines, Inc., 355 Fed. Appx. 57 (7th Cir. 2009) (no late appeal allowed when movant was aware of attorney's illness and chose not to seek other counsel); Raymond v. Ameritech Corp., 442 F. 3rd 600, 607-608 (7th Cir. 2006).

But the Seventh Circuit also recognizes that Pioneer outlined a broad construction of "excusable neglect." See Robb v. Norfolk & Western Ry. Co., 122 F. 3rd 354, 361 (7th Cir. 1997) ("'excusable neglect' has a new and broader meaning in the aftermath of [Pioneer]"). For example, an otherwise attentive attorney may nonetheless commit an act of negligence. Id. at 360. Indeed, despite the recent 7th Circuit decisions cited by Debtors, Pioneer explicitly states:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and **is not limited strictly to omissions caused by circumstances beyond the control of the movant**.

507 U.S. at 392 (footnotes omitted) (emphasis added).

Moreover, those recent 7th Circuit cases cited by Debtors are distinguishable from the facts before the court today. In Raymond, for example, the movant had already been granted one extension, and when she missed a second deadline for reasons within her control, the court denied a second extension. The Circuit noted that "[i]n managing its calendar, the court was presented with a case which had dragged on for well over a year

and acted well within its discretion to strictly enforce its own deadline." Raymond, 442 F. 3rd at 608. In United Airlines, the movant "articulated no reason for her late filing other than the illness known to her when she filed her pro se motion to vacate three months earlier." 355 Fed Appx. at 58.

This case presents a scenario different enough to warrant a different result. Hydrite timely filed a proof of claim, and mistakenly believed that claim was sufficient to protect all of its interests. It realized its error shortly after the bar date, retained counsel, and filed a request for allowance of the tardily filed administrative expense just 15 days after the deadline. While there is no showing that any of these circumstances were outside Hydrite's control, in the context of its actions the court finds no bad faith, no flouting of the deadline, and no acts more sinister than carelessness or negligence.

For all of the reasons stated above, the court finds that excusable neglect exists, and thus there is cause to grant Hydrite's motion to tardily file its request for allowance of administrative expenses.

Date: **JUN 15 2010** _____
PAMELA S. HOLLIS
United States Bankruptcy Judge