UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-41021 |
| | ) Chapter 11 Case |
| | ) (Jointly Administered) |
| BRIDGEVIEW AEROSOL, LLC, *et al*, | ) |
| | ) Hon. Pamela S. Hollis |
| Debtors. | ) |
| | ) **Hearing Date: October 19, 2010** |
| | ) **Hearing Time: 10:00 a.m.** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 19, 2010 at 10:00 a.m., or as soon thereafter as counsel can be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, Untied States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **FIRST AND FINAL APPLICATION OF BOND, SCHOENECK & KING, PLLC, AS SPECIAL COUNSEL FOR THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**, at which time you may appear if you deem fit.

Dated:  September 29, 2010                Respectfully submitted,

                                          Shaw Gussis Fishman Glantz
                                            Wolfson & Towbin LLC


                                    By:  /s/ Kimberly Bacher
                                         Kimberly Bacher (Illinois Bar No. 6285677)
                                         321 North Clark Street, Suite 800
                                         Chicago, Illinois 60654
                                         Telephone: (312) 541-0151
                                         Facsimile: (312) 980-3888

{7270 NTC A0274270.DOC}                                                                    1753132.1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>BRIDGEVIEW AEROSOL, LLC, *et al*,<br><br>         Debtors. | ) Case No. 09-41021<br>) Chapter 11 Case<br>) (Jointly Administered)<br>)<br>) Hon. Pamela S. Hollis<br>)<br>) Hearing Date: October 19, 2010<br>) Hearing Time: 10:00 a.m. |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION BY BOND, SCHOENECK & KING, PLLC, AS SPECIAL COUNSEL FOR DEBTORS

  Bond, Schoeneck & King, PLLC, by Charles J. Sullivan, for a first and final allowance of compensation for services rendered herein from June 1, 2010 through September 30, 2010, respectfully makes the following application (the "Application") to the United States Bankruptcy Court for the Northern District of New York (the "Court") pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007 respectfully states as follows:

  1. Bond, Schoeneck & King, PLLC ("BS&K") is a professional limited liability company engaged in the practice of law with an office at One Lincoln Center, Syracuse, New York. The undersigned is a member of BS&K and is an attorney duly licensed to practice in the Courts of the State of New York and the United States District Court for the Northern District of New York.

2. BS&K makes this Application for a first and final allowance of compensation for legal services rendered in the amount of $4,148.50[1] and for reimbursement of actual and necessary costs and expenses in the amount of $14.86 incurred by BS&K during its representation of debtors Bridgeview Aerosol, LLC ("Bridgeview"), AeroNuevo, LLC ("AeroNuevo") and USAerosols, LLC ("USAerosols") (collectively, the "Debtors") in the chapter 11 cases jointly administered herein. This Application covers the period of June 1, 2010 through September 30, 2010 (the "Compensation Period").

## GENERAL BACKGROUND

3. On October 30, 2009 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code, §§ 101, *et seq.*, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Illinois, thereby commencing the above-captioned chapter 11 cases.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On November 10, 2009, the Office of the United States Trustee (the "UST") appointed the individual members of the Official Committee of Unsecured Creditors (the "Committee"). On November 19, 2009, the UST filed an amended appointment of Committee members.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Please note that although BS&K's time records reflect actual fees incurred in the amount of $5,632.50, BS&K has agreed to voluntarily reduce the amount of fees it is requesting for the preparation of its retention and current fee applications by $1,484.00, thereby requesting a total award of fees in the amount of $4,148.50.

2

1753147.1

7. Bridgeview is in the custom aerosol specialty products industry. Bridgeview provides a wide array of services relating to aerosol products including initial product formulation, testing, manufacturing, packaging and distribution. Bridgeview primarily manufactures, packages and distributes household cleaning and automotive products. USAerosols is a New York limited liability company and is the parent company of Bridgeview. AeroNuevo is a New York limited liability company which owns the real property on which Bridgeview operates.

8. On June 8, 2010, this Court entered an Order appointing BS&K as special counsel to the Debtors, effective as of May 27, 2010 (the "Retention Order"). Pursuant to the terms of the Retention Order, the Debtors were authorized to compensate BS&K for its services without the need for BS&K to file any fee application and without further order of this Court, so long as BS&K's total fees and expenses did not exceed $10,000.00.

9. On or about June 30, 2010, BS&K submitted a bill to the Debtors for legal services rendered through May 31, 2010. Thereafter, BS&K received $9,440.00 in fees and $8.85 in disbursements for a total payment of $9,448.85 (the "Initial Payment") from the Debtors' estates.

10. Following receipt of the Initial Payment, BS&K provided additional services to the Debtors, which caused the total of fees and expenses in this matter to exceed the $10,000.00 that the Debtor was authorized under the Retention Order to pay without further order of this Court. As a result of the foregoing, BS&K hereby submits this request for approval of $4,148.50 in fees and $14.86 in disbursements for a total award of $4,163.36.

1753147.1

### SUMMARY OF SERVICES RENDERED BY BOND, SCHOENECK & KING, PLLC TO THE DEBTORS DURING THE COMPENSATION PERIOD

11. The following paragraphs provide a written description of substantive areas in which BS&K devoted significant amounts of time during the Compensation Period.

12. **B210: BUSINESS OPERATIONS:** BS&K devoted 9.20 hours and fees in the amount of $2,664.50 in connection with the Debtors general business operations. BS&K was retained by the Debtors to negotiate the terms of a contract outside the ordinary course of business by and between Bridgeview and one of its customers (the "Customer") regarding a purchase order that involved a sale of goods on credit in the approximate amount of $450,000.00 (the "Contract"). In connection with this Contract, BS&K engaged in negotiations with counsel for the Customer concerning the terms of the Contract, reviewed UCC-1 filings against Nutek to determine the extent of the credit risks associated with the Customer, drafted contract language, guarantees and related documents and conferred with Debtors' counsel concerning the terms of the Contract. By entering into this Contract, Bridgeview reduced certain credit risks associated with the Contract.

13. **B160: FEE/EMPLOYMENT APPLICATIONS:** BS&K devoted 14.00 hours and fees in the amount of $2,968.00 in connection with the preparation and filing of the application to employ and compensate it in these cases. As referenced above, BS&K has agreed to voluntarily reduce its request for fees in this category by $1,484.00. In connection with the drafting and submission of its application to employ BS&K as special counsel for the Debtors, BS&K engaged in discussions with counsel for the Debtors concerning the information necessary to complete the retention application and related materials.

14. BS&K also incurred time drafting the instant Application.

## DISCUSSION

15. All of the services for which compensation is requested by BS&K were performed for, or on behalf of, the Debtors, and not on behalf of any creditor, examiner, trustee, or any other entity. In addition, BS&K has not entered into any agreements to fix fees or to share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

16. As this Application demonstrates, the services that BS&K has rendered on behalf of the Debtors have been beneficial to the estates in that the services have been utilized to assist the Debtors for those matters outlined above.

17. BS&K, in the ordinary course of its business, maintains computerized time and financial records. Attached to this Application as Exhibit "A" are the detailed time records, itemized by project category, of the actual services performed on behalf of the Debtors from June 1, 2010 through September 30, 2010.

18. The following is a list of the professionals who performed services on behalf of the Debtors in these cases during the Compensation Period, together with regular billing rates for each professional:

| Name | Rate | Hours | Total |
|---|---|---|---|
| R. Hole | $365.00 | .30 | $109.50 |
| C. Sullivan | $290.00 | 9.90 | $2,871.00 |
| R. McDonald | $285.00 | 5.20 | $1,482.00 |
| K. Doner (Paralegal) | $150.00 | 7.80 | $1,170.00 |
| **GRAND TOTAL:** | | **23.20** | **$5,632.50**[2] |

The attorney primarily responsible for representing the Debtors in connection with these cases is Charles J. Sullivan. Charles Sullivan's practice consists generally of commercial and bankruptcy matters on both the debtor and creditor sides. Mr. Sullivan has practiced before the United States Bankruptcy Court for over fifteen (15) years.

---

[2] As noted above, as a result of BS&K's voluntary reduction, the total of fees sought is $4,148.50.

5

1753147.1

19. BS&K notes that twelve factors are usually reviewed by the Court in calculating the fee due to professionals in bankruptcy cases:

(1) the time and labor required;

(2) the novelty and difficulty of issues;

(3) the skill necessary to perform the services properly;

(4) the preclusion of other employment;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or circumstances;

(8) the amounts involved and the results obtained;

(9) the experience, reputation and ability of the professional;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship to the client; and

(12) awards in similar cases.

20. In addition to the foregoing specified services, BS&K believes that it has performed further services which are not reflected on the time records. In cases composed of several separate ongoing matters such as these, it is impossible to record the detail of each letter, telephone call, conference time or research. Many such hours have been performed to date, but BS&K is not requesting compensation for same.

21. BS&K respectfully suggests that the fair and reasonable value of the services performed by it for the period June 1, 2010 through September 30, 2010 is $4,148.50. No payment has been promised to BS&K in respect thereto. As discussed above, BS&K did not receive a retainer in connection with these cases. As a result, BS&K respectfully requests that

any fees and expenses awarded to it in connection with this Application be paid from the Debtors' estates, and be paid upon the entry of an order approving such compensation.

## DISBURSEMENTS

22. BS&K has incurred reasonable and necessary out-of-pocket disbursements in connection with its representation of the Debtors during the period of June 1, 2010 through September 30, 2010. BS&K has expended a total of $14.86 in actual disbursements on behalf of the Debtors as more particularly described below, none of which have been reimbursed to date.

### A.    Photocopy Expenses

23. Between June 1, 2010 and September 30, 2010, BS&K incurred $5.00 in total disbursements for photocopy expenses on behalf of the Debtors. The Debtors were charged $.20 per photocopy for all photocopies made by BS&K. Photocopies made outside BS&K's office, if any, were charged to the Debtors at the same rate charged to BS&K. BS&K hereby certifies that this entire amount of $5.00 was incurred on behalf of the Debtors through furnishing copies of documents to numerous parties upon request and is required by the Bankruptcy Code and Rules.

24. Accordingly, BS&K respectfully requests an allowance for total photocopying expenses incurred from June 1, 2010 through September 30, 2010 in the amount of $5.00.

### B.    Long Distance Telephone Charges

25. Between June 1, 2010 and September 30, 2010, BS&K incurred $3.75 in total disbursements for long distance charges on behalf of the Debtors.

26. Accordingly, BS&K respectfully requests an allowance for its long distance telephone charges in the total amount of $3.75.

C. **Postal Service**

27. Between June 1, 2010 and September 30, 2010, BS&K incurred $5.39 in total disbursements for postal service charges on behalf of the Debtors.

28. Accordingly, BS&K respectfully requests an allowance for its postal service charges in the total amount of $5.39.

D. **Computerized Research**

29. Between June 1, 2010 and September 30, 2010, BS&K incurred $0.72 in total disbursements for computerized research on behalf of the Debtors.

30. Accordingly, BS&K respectfully requests an allowance for its computerized research in the total amount of $0.72.

31. Based upon the foregoing, BS&K requests approval for all of its disbursements in the total sum of $14.86.

## NOTICE

32. Notice of this Application has been give to: (a) the Office of the United States Trustee; (b) counsel to the Committee; and (c) all parties requesting notice in these cases. In light of the creditor activity within these cases and the existence of the Committee, the Debtors submit that no further notice is required. BS&K respectfully requests that additional notice of the hearing on this Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2002(i) and 9007.

## CONCLUSION

33. Based upon the foregoing, BS&K respectfully requests that the Court approve a first and final allowance of professional compensation in the sum of $4,148.50 for services rendered to the Debtors from June 1, 2010 through September 30, 2010, plus BS&K's disbursements in the sum of $14.86, for a total award of $4,163.36.

34. BS&K respectfully requests that the Court approve payment, from the Debtors' estates, of the fees and expenses awarded in these cases.

**WHEREFORE**, Bond, Schoeneck & King, PLLC respectfully prays for the entry of an Order:

(a) approving and awarding a first and final allowance of fees to BS&K for services rendered to the Debtors during the period of June 1, 2010 through September 30, 2010 in the sum of $4,148.50, together with actual and necessary disbursements in the amount of $14.86;

(b) directing that BS&K be paid, from the Debtors' estates following entry of an order approving this Application, the full amount of fees and disbursements incurred during the Compensation Period in the amount of $4,163.36; and

(c) granting such other and further relief as this Court deems just and proper.

Dated: September 29, 2010
Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By: _____
Charles J. Sullivan, Esq.
*Attorneys for the Debtors*
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100

9

1753147.1